IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JEFFREY H. HOLDEN : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 2:09-CV-0150-RWS |
| GEORGE ENSLEY, individually and : | |
| in his former official capacity as : | |
| Sheriff of Fannin County; FANNIN : | |
| COUNTY SHERIFF'S DEPUTY : | |
| THOMAS N. WOODY, individually; : | |
| DANNY PAYNE, individually, and in : | |
| his official capacity as Police Chief of | |
| the City of McCaysville, Georgia; The | |
| City of McCaysville, Georgia; and | |
| CLIFF STICHER, Individually, | |
| | |
| Defendants. | |

**ORDER**

This case comes before the Court on Defendant Cliff Sticher's Motion to Dismiss [16], Plaintiff's Motion for Leave to File Surreply Brief [32], and Defendant Cliff Sticher's Motion to Dismiss Second Amended Complaint [43]. After a review of the record, the Court enters the following Order.

As a preliminary matter, given that Plaintiff filed a Second Amended Complaint on January 11. 2010 [36], Defendant Sticher's first Motion to

Dismiss [16] and Plaintiff's Motion for Leave to File Surreply Brief [32] are **DENIED as moot**.

## I.     Background[1]

Plaintiff alleges that he voluntarily went to the police department in McCaysville, Georgia, on September 9, 2007, at the request of Defendant Danny Payne ("Payne"), Police Chief of the City of McCaysville.  When he arrived at the police department, he was verbally and physically accosted by Defendant Thomas Woody ("Woody"), a Fannin County Sheriff's Deputy.  Plaintiff was told that Woody believed that Plaintiff had driven by Woody's house and yelled the expletive "ass hole" at him.  Allegedly, the expletive was yelled from a moving vehicle resembling Plaintiff's traveling on the other side of a river 200 yards away, although Woody did not see the Plaintiff nor did he clearly hear the word.  Following the altercation at the police department, Plaintiff repeatedly asked Payne to document the incident.  Payne refused and told Plaintiff, "the best thing you can do is go home and forget it ever happened" referring to the incident.

---

[1] These facts are drawn primarily from the Complaint and subsequent motion to dismiss pleadings.  The Court makes no findings with respect to the facts contained herein.

2

The next day, on September 10, 2007, Plaintiff petitioned the Fannin County Magistrate Court to press criminal charges against Defendant Woody for conspiracy to retaliate and false arrest. The Magistrate Court did not issue an arrest warrant, but scheduled a pre-arrest hearing for February 14, 2008.

Subsequently, Plaintiff alleges that on September 10 or 11, 2007, Fannin County Assistant District Attorney, Defendant Cliff Sticher, met with Defendants Woody and Payne, along with Sheriff of Fannin County, Defendant George Ensley. The purpose of the meeting was to discuss the warrant application filed by Plaintiff against Woody and the altercation at the police department. Plaintiff contends that all Defendants were aware that Plaintiff denied yelling the obscenity and that Defendant Woody was the only witness to the incident but did not actually see Plaintiff yell the expletive. At the meeting, Defendant Sticher allegedly advised Defendants Woody and Payne to craft a warrant application listing Payne as the arresting officer and Woody as the witness and alleged victim. Following the issuance of the warrant, Plaintiff was arrested on September 11, 2007 on charges of disorderly conduct and obstruction of an officer. The charges were dismissed after Plaintiff began "investigating" his numerous arrests by the Fannin County Sheriff's Office.

The second incident occurred on or about January 28, 2008. On that date, Plaintiff alleges that Defendant Sticher conspired to cause a judge of the Superior Court of Fannin County to issue an "invalid" bench warrant in a case where Plaintiff had previously appeared and entered a plea of not guilty to the charges. Plaintiff was later arrested pursuant to the warrant on February 18, 2008.

Plaintiff filed this 42 U.S.C. § 1983 action against the named Defendants seeking damages arising out of the two arrests and a prosecution. He contends that the detailed arrests and prosecution were made without probable cause in violation of the Fourth Amendment and in retaliation for his exercise of free speech rights in violation of the First Amendment.

In response, Defendant Sticher, sued in his individual capacity, seeks a dismissal of all counts in Plaintiff's Second Amended Complaint on the basis that the conspiracy claims are improperly plead and that Defendant Sticher is entitled to absolute prosecutorial immunity or, in the alternative, qualified immunity.

## II.  Motion to Dismiss Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a

4

"short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

It is important to note that while the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. The court does not need to "accept as true a legal conclusion couched as a factual

5

allegation." Twombly, 550 U.S. at 555. In light of this standard, the Court now examines the Defendant's Motion to Dismiss.

**III. Discussion**

    A. Conspiracy Claim

Defendant Sticher contends that Plaintiff's claim for conspiracy consists of legal conclusions and unsupported factual assertions and therefore must be dismissed. Keeping in mind the standard set forth by the Twombly and Iqbal courts, the Court has reviewed the Second Amended Complaint and finds that it sufficiently meets the requisite standard for a conspiracy claim. While the Complaint does contain some legal conclusions, Plaintiff has also asserted sufficient facts to allege that Defendant Sticher met with the other Defendants and agreed to cause the allegedly invalid arrests and prosecution. However, even if Plaintiff sufficiently alleges a conspiracy, the defense of prosecutorial immunity is still available to Defendant Sticher. Elder v. Athens-Clarke County, Ga., 54 F.3d 694, 695 (11th Cir. 1995).

    B. Absolute Immunity

        1. The September 11, 2007 Arrest

Defendant Sticher argues that he is entitled to absolute prosecutorial

6

immunity for his role in advising Defendants Woody and Payne on how they should craft their application for the arrest warrant against Plaintiff Holden. The law is well established that prosecutors are entitled to absolute immunity from liability for Section 1983 damages claims which arise out of the performance of the traditional functions of their office. Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976). Such immunity is absolute with respect to those activities that are "intimately associated with the judicial phase of the criminal process." Van de Kamp v. Goldstein, __ U.S. __, 129 S. Ct. 855, 860, 172 L. Ed. 2d 706 (2009) (quoting Imbler, 424 U.S. at 430, 96 S. Ct. at 995). The Court in Burns v. Reed made clear that this absolute immunity does not exist when prosecutors give legal advice to police in the investigative phase of a criminal case. 500 U.S. 478, 493, 111 S.Ct. 1936, 1943, 114 L.Ed. 2d 547 (1991). The Court further clarified its position in Buckley v. Fitzsimmons by stating that, "prosecutors are not entitled to absolute immunity for their actions in giving legal advice to the police." 509 U.S. 259, 269, 113 S. Ct. 2606, 2613, 125 L. Ed. 2d 209 (1993);

Defendant Sticher argues that this exclusion is inapplicable to the case at hand because he was acting as an advocate for the State at the time of the

7

alleged conduct, and not in an investigatory capacity. Specifically, Defendant Sticher contends that:

> [a]t the time of the alleged meeting, the officers' investigation was complete. There were no additional facts to investigate because the officers themselves were the only known witnesses to the event. ADA Sticher is not alleged to have proffered any advice to the officers regarding investigative techniques. Moreover, the decision to seek an arrest warrant was already made without any input from ADA Sticher regarding the existence of probable cause.

(Dkt. No. [43] at 13.) The issue turns on whether Defendant Sticher's actions of advising Defendants Woody and Payne were fairly within his role as an advocate for the State and are therefore entitled to the protections of absolute immunity. Imbler, 430, n. 32, 96 S.Ct., at 995, n. 32; Buckley, 509 U.S. 259, 272, 113 S. Ct. 2606. In an effort to narrow this focus, the Court in Buckley stated that, "[a] prosecutor neither is, nor should consider himself to be, an advocate before he has probable cause to have anyone arrested." 509 U.S. 259, 274, 113 S. Ct. 2606. Plaintiff contends that this assertion sets forth a bright line rule such that:

> [s]imply put, the initial probable cause hearing is the first event where a prosecutor appropriately begins to act as a prosecutor. Prior to that point, any conduct by a prosecutor is per se investigatory, because the prosecutor has no business acting as an advocate of the state before probable cause is found.

8

(Dkt. No. [48] at 14.)  The Court declines to adopt such a bright line rule, and instead examines the precise conduct and function of the prosecutor's actions.  The Court finds the holding in Kalina v. Fletcher, 522 U.S. 118, 118 S. Ct. 502, 139 L. Ed. 2d 471 (1997) to be particularly instructive in considering the allegations in the present case.  In Kalina, the Court noted that the "drafting of the certification [for the arrest warrant], [the prosecutor's] determination that the evidence was sufficiently strong to justify a probable-cause finding, her decision to file charges, and her presentation of the information and the motion to the court" are properly characterized as "the work of an advocate and . . . integral to the initiation of the prosecution." Id. at 130.  "[E]ven the selection of the particular facts to include in the certification to provide the evidentiary support for the finding of probable cause required the exercise of the judgment of the advocate." Id.

    Here, given the stage of the case at the time of the alleged meeting between Defendants Sticher, Woody, and Payne, it is clear that the officers had concluded their investigation of the alleged actions and were discussing how to proceed with obtaining a warrant.  Such decisions are prosecutorial in nature rather than investigatory.  At this stage, a prosecutor has likely concluded that

9

there is sufficient probable cause to pursue an arrest and is crafting the appropriate avenue to initiate the prosecution.  The Court finds that the fact that an initial probable cause hearing before a magistrate judge has not occurred, does not, *per se*, prevent a prosecutor from acting in his capacity as an advocate for the State.  The Court determines that Defendant Sticher was engaged in an action "intimately associated with the judicial phase of the criminal process" such that he should be entitled to absolute immunity for his role in the September 11, 2007 arrest.  Defendant Sticher's Motion to Dismiss is **GRANTED** as to the first incident.

>    2.    The January 28, 2008 Bench Warrant and February 18, 2008 Arrest

As to the incident based on the second warrant application, Plaintiff claims that, in the court proceeding on January 28, 2008, Defendant Sticher "affirmatively misrepresented" the status of the prior case in order to cause the state court judge to issue a bench warrant for Plaintiff's arrest. (Dkt. No. [48] at 25.)  Plaintiff contends that Defendant Sticher knew that Plaintiff had previously entered a plea of not guilty to the charges back in July 2007 and was subsequently released. (Id.)

10

Defendant claims he is entitled to absolute immunity on these claims because the alleged actions fall within his role as a state advocate. (Dkt. No. [43] at 13.)  The bench warrant was issued in a case in which prosecution had commenced.  Plaintiff had been indicted and had entered a plea of not guilty to the charges.  Thus, Defendant Sticher's actions were clearly not related to any investigatory function, but rather were in his role as a prosecutor.

In response, Plaintiff relies on the Kalina decision in asserting that Defendant Sticher acted as a complaining witness rather than an advocate.  In Kalina, the Supreme Court established the "complaining witness" rule exception to absolute immunity and stated that:

> [t]estifying about facts is the function of the witness, not of the lawyer. No matter how brief or succinct it may be, the evidentiary component of an application for an arrest warrant is a distinct and essential predicate for a finding of probable cause. Even when the person who makes the constitutionally required "Oath or affirmation" is a lawyer, the only function that she performs in giving sworn testimony is that of a witness.

Kalina, 522 U.S. at 130-131.  This exception was further recognized in the context of a prosecutor's application for a warrant. See Van de Kamp v. Goldstein, __ U.S.__, 129 S.Ct. 855, 861, 172 L.Ed. 2d 706 (2009) ("We have held that absolute immunity does not apply when...a prosecutor acts as a

11

complaining witness in support of a warrant application"); Keko v. Himgle, 318 F.3rd 639, 643 (5th Cir. 2003) ("when either a police officer or a prosecutor becomes a complaining witness in a probable cause hearing, neither official can claim absolute immunity").

The Court notes that prosecutorial actions that occur in court are shielded by absolute immunity, even in situations where the prosecutor knowingly proffers perjured testimony or fabricated exhibits. See Burns, 500 U.S. at 491-92, 111 S.Ct. at 1942; Imbler, 424 U.S. at 430-31, 96 S.Ct. at 995, Rowe v. City of Ft. Lauderdale, 279 F.3d 1271, 1279-80 (11th Cir.2002). However, in the event that a prosecutor provides *sworn* testimony as to the truth of the provided information, the defense of absolute immunity is unavailable. Rivera v. Leal, 359 F.3d 1350, 1355 (11th Cir. 2004) ("The sworn/unsworn distinction is more than critical; it is determinative."). In reference to the January 28, 2008 incident, Plaintiff merely alleges that "Defendants Sticher and Ensley caused a Fannin County Superior Court Judge to issue an invalid bench warrant for Plaintiff's arrest." (Second Amended Compl. [36] ¶ 99.) While Plaintiff argues that Defendant Sticher personally signed the bench warrant, he does not allege that Sticher gave a sworn

12

statement or personally swore to the truth of the information. (Dkt. No. [48] at 27.)  In fact, the warrant bears no certification above the signature of Defendant Sticher.  Based on these allegations, the Court finds that Defendant Sticher was not functioning as a complaining witness by obtaining the arrest warrant on January 28, 2008.  Accordingly, his actions pertaining to the second alleged incident are protected by absolute immunity.  Defendant Sticher's Motion to Dismiss is **GRANTED** as to the second incident.[2]

## Conclusion

Based on the foregoing, Defendant Cliff Sticher's Motion to Dismiss [16] and Plaintiff's Motion for Leave to File Surreply Brief [32] are **DENIED, as moot**, and Defendant Cliff Sticher's Motion to Dismiss Second Amended Complaint [43] is **GRANTED**.

**SO ORDERED** this   18th   day of June, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

[2]Given the ruling on the issue of absolute immunity, the Court need not address Defendant Sticher's qualified immunity arguments.

AO 72A
(Rev.8/82)